UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
NOVA NORDEPLAST INDÚSTRIA E COMÉRCIO DE
PLÁSTICOS LTDA. and ACG DO BRASIL,

                                          Plaintiffs,

               v.

JP MORGAN CHASE & CO, JOHN DOES
CORPORATIONS 1-5, JOHN DOES NOS. 1-5,

                                      Defendants.

------------------------------------------------------------------------x

**MEMORANDUM & ORDER**

23-CV-3429
(Garaufis, J.)
(Marutollo, M.J.)

**JOSEPH A. MARUTOLLO, United States Magistrate Judge:**

      Plaintiffs Nova Nordeplast Indústria E Comércio De Plásticos LTDA and ACG DO Brasil S.A., foreign corporations organized in Brazil, bring this action to "seek information, close fraudulent bank account[s], and seek reimbursement" against defendants John Does Corporations 1-5 and John Does 1-5 (the "John Doe Defendants"). *See generally*, Complaint ("Compl."), Dkt. No. 1. As the John Doe defendants' identities were unknown to Plaintiffs at the time of filing, Plaintiffs asserted claims against defendant J.P. Morgan Chase ("Chase") to "direct the defendant to release information pertaining [to] John Does Corporations 1-5 and John Does 1-5." *Id.*

      On March 5, 2024, the Court requested that Plaintiffs show cause as to why this action should not be transferred *sua sponte* to a different forum. *See* Text Order dated March 5, 2024. Plaintiffs responded to the Court's Order in a letter-brief filed on March 18, 2024. *See* Dkt. No. 23. After thoroughly reviewing Plaintiffs's submission, this Court hereby **ORDERS** that (i) venue is improper in the United States District Court for the Eastern District of New York and (ii) that

the Clerk of Courts transfer this action to the United States District Court for the Central District of California.[1]

A.     **Factual and Procedural Background**

Plaintiffs filed the instant action on May 5, 2023. *See generally* Compl. Plaintiffs are foreign corporations organized in Brazil, headquartered in Mumbai, India, and engaged in pharmaceutical dosage manufacturing. Compl. ¶¶ 4, 7. Plaintiffs assert that the John Doe Defendants have "without permission and fraudulently opened [a] bank account" in Plaintiffs' name at a Chase bank branch located at 1100 S Diamond Bar Blvd, Diamond Bar, CA 91765. *Id.* at ¶ 12. After opening the purportedly fraudulent bank accounts, the John Doe Defendants allegedly "sent an email to [Plaintiffs'] customer" requesting that payment be made to the fraudulent account. *Id.* at ¶ 16. The customer remitted payment in the amount of $188,236.32—an amount that was "received in these fraudulent accounts." *Id.* at ¶ 17.

Though Plaintiffs name "John Does Corporations 1-5 and John Does 1-5" as defendants, Plaintiffs admit that their names and addresses "are currently not known." *Id.* ¶ 6. To aid in obtaining additional information as to the identities of the John Does, Plaintiffs also brought a

---

[1] Because a motion to transfer venue is non-dispositive, this Court will adjudicate it by order pursuant to 28 U.S.C. § 636(b)(1)(A), rather than by issuing a report and recommendation. *See, e.g., Williams v. Bureau of Prisons*, No. 24-CV-867 (JPC) (RFT), 2024 WL 1195839, *1 (S.D.N.Y. Mar. 20, 2024) ("transfers of venue are considered non-dipositive"); *RBG Mgmt. Corp. v. Vill. Super Mkt., Inc*., No. 22-CV-7996 (JLR) (OTW), 2024 WL 50239, at *1 (S.D.N.Y. Jan. 4, 2024) ("Venue motions under 28 U.S.C. § 1404 are treated as non-dispositive motions that can be decided by a magistrate judge."); *Hobby Lobby Stores Inc. v. Obbink*, No. 21-CV-3113 (RPK) (MMH), 2023 WL 6214240, at *1 (E.D.N.Y. Sept. 23, 2023); *Atari Interactive, Inc. v. Target Corp*., No. 19-CV-03111 (LAK) (OTW), 2019 WL 6728860, at *2 (S.D.N.Y. Dec. 10, 2019) ("Venue motions filed in the context of 28 U.S.C. § 1404(a) have been treated as non-dispositive motions that can be decided by a magistrate judge.") (citing cases); *Adams v. Barnhart*, No. 03–CV–1362 (KMW) (GWG), 2003 WL 21912543, at *1 (S.D.N.Y. Aug. 8, 2003). Under Fed. R. Civ. P. 72(a), a district judge may modify or set aside any portion of a magistrate judge's non-dispositive order only if it is found to be "clearly erroneous or contrary to law." Fed R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A).

claim against Chase, a New York corporation with a principal place of business at 270 Park Avenue, New York, NY. *Id.* ¶¶ 1, 5.

Summonses were issued as to all defendants—including Chase. Dkt. No. 6. On September 1, 2023, Chase requested a pre-motion conference in front of the Honorable Nicholas G. Garaufis, United States District Judge, in contemplation of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Dkt. No. 11. Chase's request was granted. *See* Text Order dated September 1, 2023. A pre-motion conference was held on September 20, 2023 before Judge Garaufis. *See* Minute Entry and Order dated September 20, 2023.

At the September 20, 2023 pre-motion conference, "[c]ounsel for both parties announced to the court that a settlement-in-principal was reached wherein Plaintiffs agreed to dismiss the claims as against Defendant Chase without prejudice and stay the claims against the John Doe Defendants pending the receipt of information that may assist Plaintiffs in identifying these John Does." *Id.*

Following additional litigation in this action, on January 25, 2024, the parties filed a stipulation of dismissal with prejudice as to Defendant Chase—which was later endorsed by Judge Garaufis, thereby dismissing Chase from this action. *See* Dkt. Nos. 16-17.

On February 22, 2024, Plaintiffs filed a Motion to Amend/Correct/Supplement the Complaint. Dkt. No. 19. Plaintiffs seek to substitute the John Doe Defendants by naming Curtis Wade Moody Jr. ("Moody"), UPC Chem ("UPC"), Monique Denise Lewis ("Lewis"), and Ningbo Anbor Hardware Co. ("Ningbo") as defendants. *See generally* Proposed Amended Complaint ("Proposed Am. Compl."), Dkt. No. 19-1. Plaintiffs Proposed Amended Complaint avers that each Defendant is a California resident. *Id.* at ¶¶ 5-8. Specifically, defendant Moody is a natural person who resides at 20336 E Walnut Canyon Road, Walnut, California 91789. *Id.* at ¶ 5.

3

Defendant UPC is a California corporation purportedly "owned and operated" by Moody with a principal place of business at 20336 E Walnut Canyon Road, Walnut, California, 91789.  *Id.* at ¶ 6.  Defendant Lewis is a natural person who resides at 5173 Waring Road, Suite A 439, San Diego California 92120.  *Id.* at ¶ 7.  Defendant Ningbo is a California corporation purportedly "owned and operated" by Lewis with a principal place of business at 1440 E 52nd Street, Los Angeles, California 90011.  *Id.* at ¶ 8

On February 22, 2024, upon review of Plaintiffs' Proposed Amended Complaint, this Court ordered Plaintiffs to file a letter demonstrating why venue is appropriate in the Eastern District of New York.  *See* Text Order dated February 22, 2024.  On February 26, 2024, Plaintiffs informed the Court that venue was proper in the Eastern District as the "forum was chosen based on location of [Chase's] head quarters in New York." Dkt. No. 21.  Upon review of Plaintiffs' letter, the Court expressed that it is inclined to transfer this action, *sua sponte*, to a different forum.  *See* Order to Show Cause, dated March 5, 2024.  Further, the Court ordered Plaintiffs to file a letter brief responding to its Order to Show Cause and recommend "the district(s) to which this action should be transferred." *Id.*

In its response to this Court's Order, Plaintiffs reiterated that venue is proper in the Eastern District of New York because it is the location of Chase's headquarters in New York.  Dkt. No. 23, at 2.  Plaintiffs also assert that "financial hardship" to the Plaintiffs weighs against a transfer of venue—in part, because "the Plaintiff will have to hire new attorneys." *Id.*  Should the Court decide to transfer this action to a more appropriate venue, Plaintiffs propose that the U.S District

4

Court for the Southern District of California[2] would be appropriate as the documents provided by Chase reveal that every newly-added Defendant appears to be domiciled in California. *Id.* at 3.

For the reasons set forth below, the Court finds that the Central District of California presents a more appropriate venue for this action.

**B.     Legal Standard**

A civil action may be brought in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b)(1)-(3). "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). "In any motion to change venue, the movant bears the burden of establishing the propriety of transfer by clear and convincing evidence." *Payless Shoesource, Inc. v. Avalon Funding Corp.*, 666 F. Supp. 2d 356, 362 (E.D.N.Y. 2009).

---

[2] The Court clarifies that the cities of Los Angeles, California and Walnut, California are located squarely within the jurisdiction of the U.S. District Court for the Central District of California. *See, e.g. Conrad v. Latido Mitu Holdings, LLC,* No. 21-CV-03596 (PKC), 2021 WL 5909656, at *6 (S.D.N.Y. Dec. 10, 2021) (finding that corporations with their principal place of business in Los Angeles reside within the Central District of California); *Aspex Eyewear, Inc. v. Miracle Optics, Inc.*, No. 01-CV-2671 (LMM), 2001 WL 1464732, at *1 (S.D.N.Y. Nov. 19, 2001) (finding that a California corporation with its principal place of business in Walnut, California is a resident of the Central District of California). Conversely, corporations domiciled in the city of San Diego, California reside within the Southern District of California. *See, e.g. Fed. Ins. Co. v. Bax Glob. Inc.,* No. 09-CV-2739 (DGT), 2010 WL 3738033, at *4 (E.D.N.Y. Sept. 20, 2010).

District courts in the Second Circuit "appl[y] a two-part test to motions to transfer venue under § 1404(a)." *United States v. Rare Breed Triggers, LLC*, 669 F. Supp. 3d 169, 178-9 (E.D.N.Y. Apr. 18, 2023) (citation omitted). "The initial inquiry is whether the case could have been brought in the proposed transferee district." *Herbert Ltd. P'ship v. Elec. Arts Inc.*, 325 F. Supp. 2d 282, 285 (S.D.N.Y. 2004). "An action might have been brought in the forum to which the movant seeks to transfer it if subject matter jurisdiction, personal jurisdiction, and venue would have been proper in the transferee court at the time of filing." *City of Pontiac Gen. Employees Ret. Sys. v. Dell Inc.*, No. 14-cv-3644 (VSB), 2015 WL 12659925, at *2 (S.D.N.Y. Apr. 30, 2015) (internal quotation marks omitted); *see also Giuliani, S.p.A. v. Vickers, Inc.*, 997 F. Supp. 501, 502 (S.D.N.Y. 1998) ("[T]he court may transfer pursuant to § 1404(a) only if the transferee forum is one where, at the time the suit was brought, the defendants were subject to jurisdiction and venue was proper.").

If that threshold inquiry is satisfied, the Court proceeds to the second step. "To that end, the court may consider a host of equitable factors, including (1) convenience of witnesses; (2) convenience of the parties; (3) location of relevant documents and the relative ease of access to sources of proof; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the comparative familiarity of each district with the governing law; (8) the weight accorded to plaintiff's choice of forum; and (9) judicial economy and the interests of justice." *Rare Breed Triggers*, 669 F. Supp. 3d at 179 (citation and quotation marks omitted). These factors are "non-exclusive" and the "relative weight of each factor depends on the particular circumstances of the case." *Id.* (citations and quotation marks omitted).

"Motions for transfer lie within the broad discretion of the district court and are determined upon notions of convenience and fairness on a case-by-case basis." *Nat'l Experiential, LLC v. Nike, Inc.*, No. 20-CV-3197 (ENV) (SIL), 2021 WL 9678642, at *3 (E.D.N.Y. July 31, 2021) (cleaned up) (citing *In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 117 (2d Cir. 1992)). A court has the power to transfer venue even if it lacks personal jurisdiction over the defendant. *Fort Knox Music Inc. v. Baptiste*, 257 F.3d 108, 112 (2d Cir. 2001). Generally, the moving party "bears the burden of establishing the propriety of transfer by clear and convincing evidence." *Nat'l Experiential*, 2021 WL 9678642, at *3.

In exercising their discretion to transfer a case under § 1404, district courts give due deference to the plaintiff's choice of venue. *Woldanski v. TuSimple Holdings, Inc.*, No. 22-CV-9625 (AKH), 2023 WL 1795191, at *1 (S.D.N.Y. Feb. 7, 2023). Courts, however, give less deference to a plaintiff's choice of forum if the plaintiff is not a resident in the forum. *Id.*

Courts have discretion to transfer a case *sua sponte* under 28 U.S.C. § 1404. *See Barnet v. Elan Corp.*, 236 F.R.D. 158, 164 (S.D.N.Y. 2005) ("Although a transfer pursuant to § 1404(a) is typically premised on the motion of a party, the statute is broad enough that a court can transfer a case on its own initiative."). A court may transfer venue on motion from either party or *sua sponte*. *See Lead Indus. Assoc., Inc. v. OSHA*, 610 F.2d 70, 79-80 n. 17 (2d Cir. 1979) ("The broad language of 28 U.S.C. § 1404(a) would seem to permit a court to order transfer *sua sponte*.").

**C.     Discussion**

The newly-added Defendants in the Proposed Amended Complaint have yet to appear in this action and have not had the opportunity to present their views as to whether venue is appropriate in this District or, conversely, whether venue would be appropriate in the Central

District of California. Nonetheless, as explained below, the Court finds that the pleadings support a finding that transfer to the Central District of California is appropriate in this case.

### 1. Plaintiffs have failed to explain why venue is appropriate in this District.

As a threshold matter, the Court finds that Plaintiffs have failed to adequately explain why venue is appropriate in the Eastern District of New York. Plaintiffs assert that venue is proper in this District because Defendant Chase is headquartered—and maintains its attorneys—in the Eastern District of New York. Dkt. Nos. 21, 23.

Facially, however, this argument is incorrect as Chase's headquarters—which Plaintiffs assert as 270 Park Avenue in New York County (Compl. ¶ 5)—are located squarely within the *Southern* District of New York, the latter which encompasses the counties of New York, Bronx, Westchester, Rockland, Putnam, Orange, Dutchess, and Sullivan. *See, e.g., Rabinowitz v. Kelman*, 75 F.4th 73, n. 4 (2d Cir. 2023) (citing 28 U.S.C. § 112(b) ("The Southern District comprises the counties of Bronx, Dutchess, *New York*, Orange, Putnam, Rockland, Sullivan, and Westchester and concurrently with the Eastern District, the waters within the Eastern District.") (emphasis added). Plaintiffs' reliance on the location of Chase's headquarters—especially when incorrect—does not assist the Court in determining whether venue is appropriate in this District.

Moreover, Plaintiffs do not argue (or provide any support) for the idea that some portion of Chase's work traveled across the "waters within the counties of [the] Bronx and New York" (28 U.S.C. § 112), thereby potentially giving concurrent jurisdiction to the Eastern District.

### 2. The case could have been brought in the Central District of California.

Plaintiffs do not explicitly address the first part in the two-part inquiry, namely, "whether the case could have been brought in the proposed transferee district." *See Herbert Ltd. P'ship*, 325 F. Supp. 2d at 285. As Plaintiffs recommend that this action be transferred to the Southern

8

District of California, the Court concludes that this action could have also originally been brought in either the Central District of California or the Southern District of California.

First, both districts have subject matter jurisdiction because the Proposed Amended Complaint alleges that the parties are diverse and that the amount in controversy exceeds $75,000. These allegations sufficiently establish diversity jurisdiction. 28 U.S.C. § 1332(a).

Next, both districts could have exercised personal jurisdiction over Defendants at this case's inception. "Federal courts' personal jurisdiction over parties is authorized by the long-arm statute of the state in which they sit." *Erickson*, 2014 WL 12774971, at *2 (citing Fed. R. Civ. P. 4(k)(1)(A)). "Constitutional requirements are met only when a defendant has sufficient contacts with the sovereign such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Maxum Petro., Inc. v. Hiatt*, No. 3:16-CV-1615 (VLB), 2017 WL 11447166, at *5 (D. Conn. Feb. 27, 2017) (cleaned up) (citing *J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 880 (2011)).

Defendants easily meet this standard. Plaintiffs assert that each of the proposed defendants are either natural persons residing within the Central and Southern Districts of California or California corporations with a principal place of business within the Central and Southern Districts of California. Proposed Am. Compl. ¶¶ 5-8. Specifically, Defendants Moody, UPC, and Ningbo can be considered residents of the Central District of California. *Id.* at ¶¶ 5-6, 8. Defendant Lewis resides in San Diego, California—or squarely within the Southern District of California. *Id.* at ¶ 7. But a corporation purportedly owned and operating by Defendant Lewis has its principal place of business within the Central District of California—in Los Angeles. *Id.* at ¶ 8. Because all Defendants are subject to jurisdiction in the Central District of California, the Court finds that this

action could have originally been brought in that district. Consequently, the Court moves to the next step in the two-step inquiry.

### 3. Equitable factors favor transfer to the Central District of California

A balanced review of the relevant nine equitable factors also supports transfer to the Central District of California based on convenience and in the interests of justice. *See* 28 U.S.C. § 1404(a).

#### a. Four factors favor transfer to the Central District of California

Four factors clearly favor transfer of this action to the Central District of California: the locus of operative facts; the location of relevant documents and the relative ease of access to sources of proof; the convenience of the parties; and the weight accorded to Plaintiffs' choice of forum.

Importantly, the locus of operative facts is, unquestionably, in California and is the factor that most strongly favors transfer to the Central District of California. *See ZPC 2000, Inc. v. SCA Grp.*, Inc., 86 F. Supp. 2d 274, 279 (S.D.N.Y. 2000) ("the location of operative events is a primary factor in determining a motion to transfer venue") (citation and quotation marks omitted); *Am. Steamship Owners Mut. Prot. & Indem. Ass'n, Inc. v. Lafarge N. Am., Inc.*, 474 F. Supp. 2d 474, 485 (S.D.N.Y. 2007), *aff'd sub nom.*, 599 F.3d 102 (2d Cir. 2010). Plaintiffs assert that a fraudulent bank account was opened in Plaintiffs' name at a Chase Bank branch located at 1100 S Diamond Bar Blvd, Diamond Bar, California 91765. The Court notes that the city of Diamond Bar is located squarely within the Central District of California. *See, e.g. United States v. Real Prop. Located in Diamond Bar California,* No. 09-CV-00609 (SJO) (AJW), 2013 WL 12471329 (C.D. Cal. Mar. 27, 2013).

Further, as noted above, the individuals and corporations against whom Plaintiffs' assert claims are located in the Central District of California. Taking notice of these facts, the "center of

10

gravity" is indisputably in the Central District of California. *See ZPC 2000, Inc.*, 86 F. Supp. 2d at 279. Plaintiffs do not appear to disagree—as they note that "the domicile of the defendants is one of the non-exclusive factors as set forth in the case law." Dkt. No. 23, at 3. In light of the weight afforded to this factor as a primary factor, this Court finds that this factor weighs heavily in favor of transfer.

Thus, the facts in this case strongly support transfer to the Central District of California. *See, e.g., Conrad*, 2021 WL 5909656, at *7 (finding that "the convenience of potential witnesses, the location of relevant documents and relative ease of access to sources of proof, the convenience of parties, the locus of operative facts, and the availability of process to compel the attendance of unwilling witnesses, all favor a transfer to the Central District of California."); *Transatlantic Reinsurance Co. v. Cont'l Ins. Co.*, No. 03-CV-3227 (CBM), 2003 WL 22743829, at *5 (S.D.N.Y. Nov. 20, 2003) ("In determining the locus of operative facts, a court must look to the site of events from which the claim arises.").

And, for the same reason that the operative facts are in the Central District of California, the relative ease of access to sources of proof—namely, the location of the branch where the alleged fraudulent acts took place—further support transfer to the Central District of California.

The convenience of the parties likewise favors transfer. Plaintiffs are foreign corporations suing California residents. Proposed Am. Compl. ¶¶ 4-8. Plaintiffs do not argue that litigating in the Central District of California would be inconvenient for them. Instead, Plaintiffs argue that "[i]f the venue is transferred to another district, the Plaintiffs will have to hire new attorneys putting extra financial burden on the Plaintiffs." Dkt. No. 23. This assertion is unavailing. "The transfer statute (§ 1404(a)) is not concerned with the inconvenience of counsel but with the inconvenience of parties and their witnesses." *Scheinbart v. Certain-Teed Prod. Corp.*, 367 F. Supp. 707, 710

11

(S.D.N.Y. 1973) (rejecting plaintiff's argument that litigating in another district will cause substantial inconvenience where she would have to retain local counsel. Indeed, the "inconvenience caused [to] plaintiff due to the need to retain local counsel in the transferee district is of little, if any, weight on a motion to transfer." *Id.* Therefore, the convenience of the parties favors a transfer to the Central District of California. *See Conrad*, 2021 WL 5909656, at *6 (finding a transfer to the Central District of California appropriate based, in part, on the locations of the corporate defendants).

Moreover, Plaintiff's choice of forum is not entitled to great weight because the operative facts are not tied to this district. "To be sure, the Court recognizes that a plaintiff's choice of forum is accorded considerable weight in the § 1404(a) balancing test." *Everlast World's Boxing Headquarters Corp. v. Ringside, Inc.*, 928 F. Supp. 2d 735, 748 (S.D.N.Y. 2013). "But that choice merits less deference 'where the connection between the case and the chosen forum is minimal.'" *Id.* (quoting *Chiste v. Hotels.com L.P.*, 756 F.Supp.2d 382, 401 (S.D.N.Y.2010)); *see also D'Anton Jos, S.L. v. Doll Factory, Inc.*, 937 F. Supp. 320, 323 (S.D.N.Y. 1996) ("[A]lthough a plaintiff's choice of forum is generally given substantial weight, this presumption does not apply in cases such as this one where there is little material connection between the chosen forum and the facts and issues of the case.").

Finally, while Plaintiffs' choice of forum deserves "due consideration," this Court gives Plaintiffs' choice of forum less deference because Plaintiffs are not residents of their chosen forum. *Woldanski v. TuSimple Holdings, Inc.*, 2023 WL 1795191, at *4 (citing *Sec. & Exch. Comm'n v. Am. Renal Assoc. Holdings*, No. 21-CV-10366 (JPO), 2022 WL 1166087 (S.D.N.Y. Apr. 20, 2022) ("plaintiff's choice of venue is given less deference where ... the plaintiff's residence is not the

chosen forum"). Plaintiff's choice of forum simply does not favor retaining this case in the Eastern District of New York.

### b. Four factors are neutral and do not favor or disfavor transfer

Four factors are neutral and therefore neither favor nor disfavor transfer to the Central District of California. First, Plaintiffs do not proffer facts to show that the process to compel attendance of unwilling witnesses, will be necessary in either forum.

Second, the relative means of the parties is also neutral because the Court possesses no information at this time as to the financial means of the Defendants. Additionally, as noted above, the "inconvenience caused [to] plaintiff due to the need to retain local counsel in the transferee district is of little, if any, weight on a motion to transfer." *Scheinbart*, 367 F. Supp. 707, at 710.

Third, as to the "convenience of witnesses" factor, there is no indication that any witnesses are located or reside in the Eastern District of New York. Further, should this case proceed to discovery, the Defendants and non-party bank branch representatives who may be identified as witnesses are likely all located in California. As Plaintiffs fail to identify the location of potential witnesses, this factor is at best neutral. *See, e.g., Am. Eagle Outfitters, Inc. v. Tala Bros. Corp.*, 457 F. Supp. 2d 474, 479 (S.D.N.Y. 2006) ("Having failed to identify particular unwilling witnesses who might be more available in California than in New York, the Defendants have failed to establish that this factor weighs in their favor.").

Fourth, the "forum's familiarity with governing law" factor is also, at best, neutral. "A forum's familiarity with the governing law [] is one of the least important factors in determining a motion to transfer, especially where no complex questions of foreign law are involved." *ESPN, Inc. v. Quiksilver, Inc.*, 581 F. Supp. 2d 542, 551 (S.D.N.Y. 2008). To the extent that Plaintiffs bring a federal fraud claim against Defendants, this district and the Central District of California

are equality familiar with federal fraud claims and have substantial experience applying it. To the extent that Plaintiffs' unfair competition state law claim seeks to apply California's substantive law, "federal courts commonly apply state substantive law[] which may not be the law of the state in which the federal court sits." *Kwik Goal, Ltd. v. Youth Sports Publ'g, Inc.*, No. 06-CV-395 (HB), 2006 WL 1517598, at *4 (S.D.N.Y. May 31, 2006) (finding the "forum's familiarity with the governing law" factor neutral).

    c. **The interests of justice favor transfer to the Central District of California**

  Finally, with respect to the interests of justice, "[t]he appropriate considerations for this factor have been largely, if not entirely, developed while discussing the preceding eight factors." *Nat'l Experiential, LLC*, 2021 WL 9678642, at *7; *cf. Bakken Res., Inc. v. Edington*, No. 15-CV-8686 (ALC), 2019 WL 1437273, at *6 (S.D.N.Y. Mar. 29, 2019) (denying transfer as "contrary to the interests of justice" when "plaintiff did not produce any factual or party nexus connecting the present case" to the requested transfer forum). "When the events giving rise to a claim occurred in another district, it is reasonable to transfer the case to the district in which the events occurred." *Donde v. Romano*, No. 09-CV-04407 (DLI) (VVP), 2010 WL 3173321, at *3 (E.D.N.Y. Aug. 10, 2010). Judicial economy also favors transfer, as this litigation remains in its early stages in this district and discovery has not begun. *See, e.g., Pecorino v. Vutec Corp.,* 934 F. Supp. 2d 422, 444 (E.D.N.Y. 2012) (finding that the fact that "[t]here has not yet been a significant investment by the Eastern District of New York in this case in terms of either time or work" favored transfer); *Merida v. Stark*, No. 23-CV-2239 (MKB) (JAM), 2024 WL 48139, at *6 (E.D.N.Y. Jan. 4, 2024).

In sum, because all of the relevant factors either weigh in favor of transfer or are neutral, and no factor weighs against transfer, the Court finds that transfer to the Central District of California is appropriate.

**D.     Conclusion**

For the foregoing reasons, the Court *sua sponte* **ORDERS** that this action be transferred to the Central District of California.  The Clerk of Court is respectfully directed to transfer this case to the United States District Court for Central District of California within seven days of the date of this Order, pursuant to Local Civil Rule 83.1.  The Court further declines to rule on Plaintiffs' Motion to Amend the Complaint, as such a ruling will be within the purview of the transferee district.  The Clerk of Court is directed to terminate the Motion at Dkt. No. 19, transfer this action to the Central District of California within seven days of the date of this Order, and administratively close the docket in this District.

Dated:     Brooklyn, New York
           March 29, 2024

                                                              */s/ Joseph A. Marutollo*
                                                              JOSEPH A. MARUTOLLO
                                                              United States Magistrate Judge